UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WORKMAN,

    Petitioner,                           Civil No. 2:08-14101
                                            HONORABLE DENISE PAGE HOOD
v.                                      UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    John Workman, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b. Petitioner also filed a motion for equitable tolling to allow the petition to proceed timely. Respondent has filed a motion for summary judgment, contending that the petition for writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed an answer to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on May 31, 2005, when the Michigan Supreme Court denied him leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Workman,* 472 Mich. 917; 696 N.W. 2d 723 (2005).

Petitioner filed a post-conviction motion for relief from judgment on December 20, 2005, which the trial court denied. *People v. Workman,* No. 02-11200-01 (Wayne County Circuit Court, May 18, 2006); *reconsideration den.* January 10, 2007. The Michigan Court of Appeals dismissed petitioner's application for leave to appeal on June 15, 2007, because it was not filed within twelve months of the May 18, 2006 order denying the motion for relief from judgment, as required by M.C.R. 7.205(F)(3). The Michigan Court of Appeals further concluded that the one year period for filing an appeal commenced with the May 18, 2006 order, and not the January 10, 2007 order denying the motion for reconsideration, because the motion for reconsideration had not been filed within twenty one days of the May 18, 2006 order. *People v. Workman,* No. 278353 (Mich.Ct.App. June 15, 2007). [1] By his own admission,

---

[1] Neither party provided a copy of the order to this Court. This Court obtained a copy of the actual order dismissing the appeal from the Internet website for the Michigan Court of Appeals. *See* http://www.courtofappeals.mijud.net for court of appeals docket number 278353. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

petitioner did not appeal this matter to the Michigan Supreme Court.

The instant petition was signed and dated September 3, 2008. [2]

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because it has not been filed within the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 3, 2008, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with the Eastern District of Michigan. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

A petition for writ of habeas corpus is subject to dismissal where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 Fed. Appx. 342 (6th Cir. 2005).

Petitioner's direct appeals with the Michigan courts were completed on May 31, 2005, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on August 29, 2005, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 749-50 (E.D. Mich. 2002). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than August 29, 2006 in order for the petition to be timely filed.

Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court on December 20, 2005, after one hundred and thirteen days had elapsed under the statute of limitations. The motion was denied by the trial court on May 18, 2006. Petitioner filed his application for leave to appeal on June 1, 2007. The application for leave to appeal was dismissed by the Michigan Court of Appeals on June 15, 2007, because the appeal had not been filed within twelve

4

months of the trial court's denial of the motion for relief from judgment, as required by Michigan law.

An application for state post-conviction relief is considered "properly filed", for purposes of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001). A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509; M.C.R. 7.205(F)(3). An untimely application for leave to appeal the denial of a state post-conviction motion does not toll the limitations period because it was not properly filed in accordance with the state court rules. *Hoggro v. Boone*, 150 F. 3d 1223, 1226, n. 5 (10th Cir. 1998); *United States ex. rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1038-39 (N.D. Ill. 1998). Petitioner's untimely application for leave to appeal the state trial court's order denying his post-conviction motion would not toll the limitations period pursuant to § 2244(d)(2), because the application for leave to appeal was not filed in compliance with Michigan court rules. *See Palmer v. Lavigne,* 43 Fed. Appx. 827, 829 (6th Cir. 2002). The Michigan Court of Appeals concluded that petitioner's application for leave to appeal the denial of his post-conviction motion was untimely and a federal habeas court must defer to a state court's ruling

5

as to whether a post-conviction motion was properly filed. *Id.; Israfil,* 276 F. 3d at 771-72.

The tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) ended on May 18, 2007, when the one year period for seeking leave to appeal the post-conviction motion with the Michigan Court of Appeals expired. *Palmer,* 43 Fed. Appx. at 829. [3] Because one hundred and thirteen days had already elapsed on the one year statute of limitations, petitioner had two hundred and fifty two days remaining from that date, which would have been no later than January 25, 2008, to file the instant petition with this Court in compliance with the AEDPA's limitations period. Because the instant petition was not filed until September 3, 2008, the instant petition is untimely.

The Court further notes that the petition would be untimely even if the limitations period was tolled through the time period that petitioner could have appealed the denial of his post-conviction motion. The Michigan Court of Appeals dismissed petitioner's appeal on June 15, 2007. "[R]egardless of whether a petitioner actually appeals a denial of a post- conviction application, the limitations

---

[3] The Court notes that there is an apparent conflict in the Sixth Circuit concerning the tolling of the limitations period pursuant to § 2244(d)(2) where a Michigan prisoner fails to timely appeal the denial of his or her post-conviction motion. In *Whitcomb v. Smith,* 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.* The Sixth Circuit in *Palmer v. Lavigne,* on the other hand, tolled the limitations period for the entire one year period that the petitioner could have sought leave to appeal. As indicated above, petitioner's application is untimely even giving him the benefit of this calculation.

period is tolled during the period in which the petitioner *could* have sought an appeal under state law. *Gibson v. Klinger*, 232 F. 3d 799, 804 (10th Cir. 2000) (emphasis in original). Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Giving petitioner the benefit of the doubt, tolling of the one year limitations period would have ended pursuant to § 2244(d)(2) on August 10, 2007, the last day on which petitioner could have filed a delayed application for leave to appeal with the Michigan Supreme Court. *See McMurray v. Scutt,* 136 Fed.Appx. 815, 817 (6th Cir. 2005). Petitioner would have had two hundred and fifty two days from August 10, 2007, or until April 18, 2008, to file his petition with his Court. Because his petition was not filed until September 3, 2008, the petition is untimely under this alternative calculation. [4]

Since the one year limitations period under the AEDPA "is not jurisdictional a petitioner who misses a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *See Griffin v. Rogers*, *399 F. 3d 626, 631 (6th Cir. 2005).* In order to be entitled to equitable tolling, Petitioner has "the burden of establishing two elements: (1) that he has been pursuing his rights

---

[4] Petitioner would not be entitled to further tolling of the limitations period for the ninety day period that he could have sought certiorari from the denial of his post-conviction appeal by the Michigan Supreme Court, because a petition for writ of certiorari is not considered part of a state's post-conviction procedures, so as to toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007).

diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit requires consideration of certain factors: (1) Petitioner's lack of notice of the filing requirement; (2) the Petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the Petitioner's reasonableness in remaining ignorant of the legal requirement for filing his action. *Griffin*, 399 F. 3d at 635. These "five factors are not comprehensive, nor is each of the five factors relevant in all cases . . . . courts must consider equitable tolling on a case-by-case basis." *Id.* (internal quotations omitted). Lastly, absence of prejudice to the respondent is "to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F. 3d 396 (6th Cir. 2004).

In both his motion for equitable tolling and again in his answer to the motion for summary judgment, petitioner concedes that the petition is untimely but contends that various factors support equitable tolling of the limitations period. Petitioner first claims that he was unaware of the AEDPA's one year statute of limitations and did not learn until recently that he had a filing deadline for filing a habeas petition in the federal court. Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen,* 366 F. 3d at 402-03

8

(rejecting the petitioner's argument that her lack of actual or constructive knowledge of the statute of limitations entitled her to equitable tolling, the court, relying on §§ 2244(d)(1)-(2) concluded that AEDPA provides adequate notice).  In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.* at 403; *see also Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003); *Griffin*, 399 F. 3d at 636-37 (finding that under the circumstances the petitioner had received inadequate notice and that her ignorance of the limitations period was 'excusable' because of the unsettled nature of the law at the crucial time of mistake.)

Petitioner further contends that the limitations period should be equitably tolled because he is illiterate, lacks knowledge of the various state and federal court rules and procedures, had to rely on jailhouse lawyers to prepare his state post-conviction claims, and was unable to secure any additonal legal assistance with perfecting his appeal from the denial of his post-conviction motion.  An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002)(internal citations omitted).

Additionally, Petitioner has not provided sufficient explanation as to the reason

9

for his delay in filing his petition over seven months beyond the applicable limitations period. Petitioner's actions in this regard are discussed above. Of course, Petitioner's delay in filing may not have been done in bad faith, however, Petitioner offers no support for the application of equitable tolling based on this factor. Further, the Sixth Circuit has denied equitable tolling to petitioners whose delays were far less than petitioner's seven month delay. *See Cook v. Stegall*, 295 F. 3d 517, 518 (6th Cir. 2002) (one month beyond the statute of limitations); *see also Dunlap v. United States*, 250 F. 3d 1001, 1010 (6th Cir. 2002) (two month delay).

Lastly, the Court notes that the absence of prejudice to the Respondent "is a factor to be considered only after a factor that might justify tolling is identified." *Allen*, 366 F. 3d at 401-02. No such factors have been identified. Accordingly, Petitioner has failed to meet his burden establishing that he diligently pursued his rights and extraordinary circumstances prevented him from filing his petition within the time limitations proscribed under AEDPA. *Pace*, 544 U.S. at 418. Petitioner is not entitled to equitable tolling of the limitations period.

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual

10

innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

 s/ DENISE PAGE HOOD  
**HON. DENISE PAGE HOOD**  
**UNITED STATES DISTRICT COURT**

DATED: January 29, 2009

11